UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

UNITED STATES OF AMERICA

    Plaintiff

-vs-                                                     Case No. 3:23-CR-35-02

WILLIAM ROY WYNN                        District Judge Thomas M. Rose

    Defendant

ENTRY AND ORDER DENYING DEFENDANT'S MOTION
FOR RELEASE FROM PRETRIAL DETENTION (Doc. No. 45) AND SUPPLEMENTAL
MOTION FOR RELEASE FROM PRETRIAL DETENTION (Doc. No. 67)

      On June 23,2023, Defendant William Roy Wynn, by and through counsel, filed a Motion for Release from Pretrial Detention (Doc. No. 45).  Further, on July 17, 2023,  Defendant Wynn supplemented his initial motion by filing Supplemental Motion for Release from Pretrial Detention (Doc. No. 67).   Upon review of both motions, Defendant Wynn is requesting this Court release him on bond while this case matter is pending.  Pursuant to 18 U.S.C. §3145(b), this Court set the matter for hearing on July 19, 2023,  to review whether the Detention Order entered on May 3, 2023, in the Northern District of Georgia should be revoked allowing Defendant Wynn to be released on bond with appropriate conditions.

      Previously on April 25, 2023, a five (5) Count Indictment was returned charging Defendant with Count 1, Conspiracy to Commit Bank Fraud, in violation of 18 U.S.C. §1349, Count 2, Bank Fraud, in violation of 18 U.S.C. §1344 (2), Count 3, Possession of an Implement Designed to Counterfeit or Forge Securities, in violation of 18 U.S.C. §513(b), Count 4, Interstate Transportation of Forged Securities, in violation of 18 U.S.C. §2314 and Count 5, Aggravated Identity Theft, in violation of 18 U.S.C. §1028A(a)(1) and (2).  District Judge Walter H. Rice issued an arrest warrant the same day.  On May 3, 2023, the Defendant Wynn was arrested and detained in the Northern District of Georgia.  He was then committed to the

Southern District of Ohio at Dayton.   Defendant Wynn's arraignment and initial appearance were held on May 31, 2023, before Magistrate Judge Carolyn H. Gentry.  Magistrate Judge Gentry continued the Detention Order from the Northern District of Georgia and remanded the Defendant to the custody of the United States Marshal.  At that time, Defendant Wynn requested counsel be appointed which the Court granted, appointing Attorney Christopher Michael Fogt.

On July 19, 2023, in open court, the Court heard Defendant Wynn's motion(s) for reconsideration of bond.  The Defendant called two (2) witnesses, Ms. Gloria Hawkins-Wynn, Defendant's mother, and Ms. Tachiana Mitchell, the biological mother of Defendant's youngest child.  Defendant also offered into evidence a letter (marked as Exhibit A) from Defendant's Mental Health Counselor, Ms. Jessica Howard from Veterans Administration (VA) , which was admitted without objection.  Government called one (1) witness, Special Agent Benjamin Adducchio, United States Secret Service.

Ms. Wynn testified that if the Defendant was released on bond, he could live with her since she is able to financially provide. She also testified that Defendant has grown into a good father, has never been convicted of a violent offense , and that he has been consistently involved with the VA since being diagnosed as having a 100 percent service-connected disability. Upon cross examination, Ms. Wynn testified the Defendant had a history of drug abuse and has had difficulty in completing counseling. She also testified in 2020, 2021, and 2022, although she had, what she considered, regular contact with Defendant, she had very little knowledge of his whereabouts or travel, especially outside the State of Georgia. However, she also testified that she believes she would be able to monitor his whereabouts, if he were released to live with her.

Ms. Mitchell testified that Defendant has stayed with her and her children for approximately the last three (3) years.  He has provided support, helping around the house and with the children. Ms. Mitchell is aware of Defendant's diagnosis of PTSD and his substance abuse struggles. She  accompanies him weekly to therapy at the VA. She has no problem with Defendant continuing to reside at her residence, if released. However, if that is not possible Ms. Mitchell believes a placement with Ms. Wynn or at a residential treatment facility would be appropriate. Ms. Mitchell was aware that Defendant had traveled out of Georgia to a variety of other states, but not sure of exactly when or where.

Special Agent Adducchio testified he is the case agent on this case. He testified that the scope of the alleged conspiracy encompassed numerous co-defendants, at least nine (9) states, at

least 300 fraudulent checks were negotiated, at least 3250 fraudulent checks created and established, with an actual loss estimated in excess of $300,000 and attempted fraud in excess of $2,300,000.  Based upon the fact that the investigation appears to show Defendant coordinated much of the conspiracy's actions, including but not limited to buying supplies and identifying where and when the fraudulent checks could be cashed, Special Agent Adducchio concluded that the Defendant was in the conspiracy's top levels, possibly number two.

The Court, in considering these motions must, in the first instance, make an individualized assessment of the following factors identified by the Bail Reform Act of 1984 [18 U.S.C. §3142]: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) and the history and characteristics of the person; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the Defendant's release.

The offenses alleged do not equate, in the Court's opinion, to just another check case. This conspiracy lasted for approximately three (3) years, encompassed nine (9) different states, and accounted for $300,000.00 in actual loss and $3,200,000.00 in intended loss. Not only serious, these allegations, if true, constitute a criminal enterprise. Based upon the testimony of Special Agent Adducchio, the Government has amassed significant documentary evidence which lays out the extent and enormity of this conspiracy and the affect it has had and would have on the community.

In addition to the alleged offenses before the Court, Defendant has no verifiable, legitimate employment. He has struggled and continues to struggle with drug abuse problems. Although he was staying at the residence of Ms. Mitchell and has contact with his mother, Ms. Wynn, for a significant amount of time over the last three (3) years, his whereabouts and travel have been unknown to those who are close to him. Defendant's criminal history, although it contains very few offenses which could be considered violent, has been arrested or charged approximately twenty-five (25) times, over the last sixteen (16) years.  Approximately twelve (12) of those charges or arrests were Forgery and six (6) Counterfeiting. He has been convicted of crimes approximately seven (7) times.  In addition, his history includes approximately five (5) Probation Violations and five (5) Failures to Appear.

After consideration of the presentations, a review of the record in this case, and the factors of 18 U.S.C. §3142, the Court does not find by clear and convincing evidence that a

condition or combination of conditions would reasonably assure the Defendant to appear as required or reasonably assure the safety of any other person or the community. Therefore, the Court **DENIES** Defendant's Motion for Release from Pretrial Detention (Doc. No. 45) and Supplemental Motion for Release from Pretrial Detention (Doc. No. 67).

IT IS SO ORDERED.

July 25, 2023                                    *s/Thomas M. Rose*

_____     _____

Date                                           Judge Thomas M. Rose

                                                            United States District Court